# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| MICHAEL FAUTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 1:16-cv-00109 ) JUDGE CRENSHAW |
| MAURY COUNTY JAIL, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Michael Fautt a state prisoner incarcerated at the Maury County Jail in Columbia, Tennessee, filed a complaint alleging claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act (42 U.S.C. §12131 et seq.) against the Maury County Jail. Before the Court is the Plaintiff's application to proceed *in forma pauperis.* (Doc. No. 2.) In addition, the complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. Application to Proceed *In Forma Pauperis*

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because the Plaintiff properly submitted an *in forma pauperis* affidavit, and because it appears from his submissions that the Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (Doc. No. 2) will be granted.

Nevertheless, under § 1915(b), the petitioner remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs' the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff will be assessed the full $350 filing fee, to be paid as directed in the order accompanying this memorandum opinion.

## I. Standard of Review

Under the PLRA, the court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district

court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## II. Factual Allegations

Plaintiff alleges the he is in a wheelchair and classified "medical PC," however he is being housed in a "max pod" at the Maury County Jail.[1] (Doc. No. 1 at Page ID# 12.) He states that on September 1, 2016, he was taking a shower using a white plastic lawn chair that the jail provides for him to take a shower. He alleges that "[a]ll the trusties [sic] use the same chair to sit in all day outside." (Id.) During Plaintiff's shower, the chair broke and he fell onto the shower floor, hitting his head on the shower door, and then fell further out onto the Pod floor. Plaintiff cried for help and a few inmates helped him to get the officers' attention. The officers gave him towels to cover himself and to rest his head. An ambulance was called and transported Plaintiff to the emergency room, where he learned that he had pulled muscles in his back "real bad" and hit his head. (Id.) Plaintiff was treated and released. Plaintiff remains in the same Pod and cell, and when he showers he is given another white chair. Plaintiff alleges that there are no handicapped rails in the showers or the cells.

Plaintiff alleges that he asked jail personnel for handicapped rails in the shower and his cell many times. He was told that the handicapped rails would be obtained, but nothing has been done.

---

[1] On January 9, 2017, Plaintiff filed a supplement to his complaint explaining that he has "one leg." (Doc. No. 3.)

As relief, Plaintiff seeks monetary damages and an injunction directing the jail to put up handicap railing in the showers and cells.

### III. Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff sues the Maury County Jail. The jail is a building, not an entity capable of being sued in its own right. However, construing Plaintiff's *pro se* complaint with all required liberality, Haines, 404 U.S. 519, 520 (1972), the Court assumes that Plaintiff intended to sue Maury County. Maury County may not be held vicariously liable for the actions of its employees under § 1983. See Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011); City of Canton v. Harris, 489 U.S. 378, 392 (1989); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. Id.

Plaintiff's allegations against the county are sufficient to state a claim under §1983 for violations of his Eighth Amendment rights. Plaintiff's allegations suggest that the county has a custom, policy or practice of failing to provide handicap-accessible cells and shower facilities. See Stoudemire v. Michigan Dept. of Corrections, 614 F.App'x 798, 803 (6th Cir. 2015) (listing cases holding that failure to provide handicap-accessible bathroom facilities may violate the

Eighth Amendment).

Plaintiff additionally states a claim under the ADA against the county. The ADA is applicable to state and local government entities, including prisons and county jail facilities such as here. Tucker v. Tennessee, 539 F.3d 526, 529 (6th Cir. 2008) (applying the ADA to a pre-conviction prisoner's claims against a county jail facility). The Sixth Circuit has noted that "the phrase 'services, programs, or activities' encompasses virtually everything a public entity does."

To establish a prima facie case of discrimination under the ADA, a plaintiff must show that: (1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from participating in, being denied the benefits of, or being subjected to discrimination under the program solely because of his ability. Anderson v. City of Blue Ash, 798 F.3d 338, 357 (6th Cir. 2015).

Given the liberal construction afforded to *pro se* complaints, and the requirement that the Court construes all well-pleaded allegations in the light most favorable to the Plaintiff, the Court finds that Plaintiff's allegations are sufficient to raise an ADA claim against the county. 28 C.F.R. § 35.133(a) (requiring public entities to "maintain in operable working condition those features of facilities and equipment that are required to be readily accessible and usable by persons with disabilities" as provided for by the ADA or the regulations implementing the ADA); see also Kutrip v. City of St. Louis, 329 F. App'x 683, (8th Cir. 2009) (denying summary judgment where facts issue remained on ADA claim regarding jail officials' denial of disabled-accessible shower and shower chair to obviously disabled inmate).

V. CONCLUSION

For the reasons set forth herein, the Court will grant Plaintiff's application to proceed *in forma pauperis*. Further, having conducted the review required by the PLRA, the Court

5

determines that Plaintiff's allegations against the Defendant state colorable claims under 42 U.S.C. § 1983 and the ADA.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE